## FALK and others *v.* ROBERTSON.

*(Circuit Court, S. D. New York. December 29, 1885.)*

CUSTOMS DUTIES—BALES OF MIXED LEAF TOBACCO—ACT OF 1883, SCHEDULE F.
Bales of leaf tobacco were imported, distinct parts of each of which were composed of tobacco unstemmed, more than 85 per cent. of which was of size and texture suitable for wrappers, and of which more than 100 leaves would be required to weigh a pound, and the remaining parts of each were composed of tobacco of inferior quality, sufficient in quantity to reduce each below the requisite 85 per cent., with strips of paper or cloth between to mark the extent of the different qualities which were separated after importation. *Held,* that the part which was of this superior quality was dutiable at 75 cents per pound.

At Law.

*Charles C. Beaman,* for plaintiffs.

*Samuel B. Clarke,* Asst. U. S. Atty., for defendant.

WHEELER, J. This suit is brought to recover back money paid for duties on leaf tobacco under Schedule F of the act of 1883, which lays a duty on "leaf tobacco of which eighty-five per cent. is of the requisite size, and of the necessary fineness of texture, to be suitable

for wrappers, and of which more than one hundred leaves are required to weigh a pound,—if not stemmed, seventy-five cents per pound; if stemmed, one dollar per pound. All other tobacco in leaf, unmanufactured and not stemmed, thirty-five cents per pound." 22 St. 503. Upon the trial it appeared that leaf tobacco is usually dealt in at so much per pound by the bale; that none of the bales of the plaintiffs' tobacco had 85 per cent. of them of the requisite size and fineness and weight to be suitable for wrappers; that it was not stemmed, and was assessed at 75 cents per pound, against the protest of the plaintiffs that it be assessed at only 35 cents per pound. It further appeared that the plaintiffs had this tobacco in Holland, from whence it was imported, in bales as it came from where it was raised, some of which were composed of tobacco more than 85 per cent. of which was of the size and texture to be suitable for wrappers, and of which more than 100 leaves would be required to weigh a pound, and some of which were composed of tobacco of inferior quality; and that enough of that of inferior quality was put into bales with the other, with strips of paper or cloth to mark the extent of each, to make the bales imported, which were separated again after importation. A verdict was directed for the plaintiffs, upon the supposition that each bale, as a unit of quantity, however made up, was to be estimated in determining the rate per cent. of quality.

Upon further consideration of the subject on a motion for a new trial it now seems that sufficient attention was not given to the composition of the bales. The quality and standard of the superior grade were not changed by binding the inferior grade, in a separable manner, with it into a bale. A distinct quantity of the superior quality, subject to the higher rate, was imported with each of the bales. It was the same where it came from, and all the way, and after its arrival. The act of congress does not refer to any particular quantity as a basis for the 85 per cent. It appears to be intended to apply to any distinct quantity of the requisite qualities which should be imported. This is different from the case supposed in argument, of cloth made within one of the number of threads to the inch at which the rate of duty would be changed. There an article was made on which a certain rate of duty would be imposed, and the article would always remain the same. Here the article was sought to be reduced by association with another article during importation, and to be restored afterwards. But the association did not reduce nor affect it.

Justice to the plaintiffs, however, requires that they be entirely acquitted of any attempt to deceive the customs officers by what they did; for it was done with their full knowledge, and partly at their suggestion, and after a like importation, with the full knowledge of all, had been passed, as a test case, at the lower rate. Still the department is not estopped, nor claimed to be, from changing its decision, although it may work a hardship. Verdict set aside, and new trial granted.